**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LYMAN SIDNEY SHREEVE, JR.,**<br><br>Plaintiff,<br><br>vs.<br><br>**CAPITAL ONE N.A.** *et al.*,<br><br>Defendant(s). | Case No.: 12-CV-02293 YGR<br><br>**ORDER DENYING MOTION OF TIMOTHY HUBBS FOR A TEMPORARY RESTRAINING ORDER** |

Non-party Timothy Hubbs has filed a Motion for a Temporary Restraining Order ("TRO") to prevent an eviction from taking place. This is a wrongful foreclosure case. Mr. Hubbs, who is not a party to this action, is a tenant on the property at issue here. The motion states that Defendants have provided an eviction notice with less than 90 days notice. There is no indication of when the eviction will take place.

For the reasons set forth below, the Court **DENIES** Timothy Hubbs' Motion for a Temporary Restraining Order.

Rule 65 of the Federal Rules of Civil Procedure requires that actual notice must be given to the opposing party of the intention to seek a TRO, the date and time for the hearing and the nature of the relief requested. Unless notice is provided, the moving party must provide a certified showing of extraordinary circumstances why such notice could not have been given. *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131-32 (9th Cir. 2006). Here, the Court has not been provided with any declaration showing why such notice could not have been given. Additionally, there is no indication of when the eviction will take place so as to justify the emergency relief requested. A TRO is a drastic remedy and accordingly can only be given under proper circumstances.

This Order Terminates Docket Number 5.

**IT IS SO ORDERED.**

Date: May 22, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**